IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID CRUMPTON                                                                PLAINTIFF

v.                          Civil No. 05-6030

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

David Crumpton, the plaintiff in this case, has appealed the final decision of the
Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his
applications for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223
of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423.*

Both parties have filed appeal briefs (Doc. #7 & 8). In this judicial review, the court
must determine whether there is substantial evidence in the administrative record to support the
Commissioner's decision. *42 U.S.C. § 405(g).*

The history of the administrative proceedings is contained in the respective appeal
briefs and will not be recounted here except as necessary. However, it should be noted
additional evidence was submitted for consideration by the Appeals Council, after the date of
the administrative hearing and the issuance of the ALJ decision (T. 181-184). It appears that
this evidence includes: a letter from plaintiff's treating orthopedic surgeon, Dr. Michael
Young; a letter from plaintiff's attorney, dated February 18, 2005; and an audiological
evaluation. Although the Appeals Council considered the evidence, it denied the plaintiff's
request for review of the hearing decision (T. 4-7).

Plaintiff was 44 years of age at the time of the administrative hearing and has a high school education (T. 188, 190, 105, 114). He has worked in the past as an industrial mechanic for a golf course (T. 191, 94). He claims disability due to: degenerative disc disease/herniated intervertebral discs; failed back syndrome; left leg and ankle pain, with numbness; hand pain and numbness, with decreased grip strength of the right hand; and, hearing loss. He filed his application on May 1, 2003 (T. 69-72).

The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on September 1, 2004 (T. 187-212). He alleged an onset date for disability of April 9, 2003 (T. 187, 190). The ALJ rendered an unfavorable decision on October 28, 2004 (T. 15-27). As has been noted, by Order entered April 7, 2005, after receiving and considering additional evidence, the Appeals Council denied the plaintiff's Request for Review of the hearing decision, thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision (Doc. #1).

In his written decision, the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date (T. 25). Further, the ALJ found that the medical evidence establishes that plaintiff has a severe impairment, namely, lumbar degenerative disc disease. However, the ALJ concluded that plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. It was determined that plaintiff's subjective complaints and alleged nonexertional limitations are not totally credible. The ALJ concluded that the plaintiff cannot perform his past relevant work (hereinafter "PRW"), but retains the

-2-

residual functional capacity (hereinafter "RFC"), to perform light work "except for the inability

to perform more than occasional stooping, crouching or bending, the inability to perform work

where excellent hearing is required, and the limited ability to use his dominant right hand's

little finger and ring finger but no limitation on usage of thumb, index, and middle fingers." (T.

26). The ALJ further stated:

> Although the claimant's exertional limitations do not allow him to perform the
> full range of light work, using Medical-Vocational Rule 202.22 as a framework
> for decision-making, there are a significant number of jobs in the national
> economy that he could perform. Examples of such jobs include work as a metal
> finish inspector, sander, weld inspector and calibrator. Based upon the
> vocational expert testimony, there are over 5.000 such jobs in the regional
> economy and over 50,000 such jobs in the national economy.

(T. 26). Thus, the ALJ determined that the plaintiff was not under a disability at any time

through the date of the decision (T. 26).

**Applicable Law**:

The Commissioner's decision denying benefits will be affirmed if it is supported by

substantial evidence on the record as a whole. See *Clark v. Apfel, 141 F.3d 1253, 1255 (8th*

*Cir.1998); Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir.1991); 42 U.S.C. § 405(g)*.

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might

accept it as adequate to support [the Commissioner's] decision." *Cox v. Apfel, 160 F.3d 1203,*

*1206-07 (8th Cir.1998)*. In determining whether existing evidence is substantial, this court

looks at both evidence that supports and evidence that detracts from the Commissioner's

decision. See *id. at 1207; see also Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir.1999)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's

decision, however, the record includes that evidence submitted after the hearing and considered

-3-

by the Appeals Council.  See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*.  Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala, 18 F.3d at 622*.  In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing.  *See id.*  As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court."  *Id.*  Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision.  *See Woolf v. Shalala,* 3 *F.3d 1210, 1213 (8th Cir.1993)*.

An individual is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.  The burden of establishing a compensable disability under the Act is initially on the claimant.  See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*.  However, the submission of the additional evidence to the Appeals Council complicates the analysis; thus, this court now turns to that additional evidence.

**Discussion:**

*20 C.F.R. § 404.970(b)* provides:

If new and material evidence is submitted, the Appeals Council shall consider

-4-

the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala, 52 F.3d 168, 171 (8th Cir.1995) (quoting Williams v. Sullivan, 905 F.2d 214, 216-17 (8th Cir.1990)).* To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams v. Sullivan, 905 F.2d at 216* (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir.1997)* (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams v. Sullivan, 905 F.2d at 216* (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time). Further, there must be a reasonable likelihood that it would have changed the determination. *Krogmeier v. Barnhart 294 F.3d 1019, 1025 (8th Cir.2002).*

In the instant matter, the ALJ stated in his decision:

In summary, whether considered individually or in combination, the claimant has not provided objective medical evidence of clinical and/or laboratory findings that meet the criteria of any listed impairment(s) found in Appendix 1.

-5-

Hence the claimant is not disabled within the meaning of the Social Security Act, based solely on the medical evidence. Consideration has been given to the claimant's medically determinable impairments under Section 1.04. The claimant does not have the specified clinical findings and diagnostic laboratory test results found in the listed impairment. Further, the claimant does not have medical evidence of the criteria required by other listed impairments in Appendix 1. Hence, the claimant does not have an objective medical condition of Listing severity. Further, there is no evidence that any medical source has stated an opinion that the claimant has a condition equivalent in severity to a listed impairments. Social Security Ruling 96-6p. The [DDS] determined that the claimant's impairments do not meet or equal the criteria of any of the listed impairments (Exhibit 5F). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. The [ALJ] has reviewed the records and finds that the claimant does not have impairments that meet or equal the requirements of any section of appendix 1, based upon the medical evidence and the allegations of functional limitations to the extent found credible, as delineated below.

(T. 18-19).

The record contains numerous citations referencing the plaintiff reported/diagnosed:

left leg/knee/ankle pain (T. 197, 119-122, 183, 153, 206, 88, 108, 131, 129, 128, 127, 149, 158, 159, 160, 167); other areas of pain (T. 197, 200-201, 47, 88, 104, 120, 126, 130, 127, 149, 153, 156); degenerative disc disease/herniated intervertebral discs (T. 197, 134, 127, 162-163, 153-156, 150-151, 193, 201, 125, 128, 131, 130, 129, 149, 159, 160-163, 167); decreased grip/left leg and right hand numbness (T. 201, 47, 77, 88, 104, 119, 125, 130, 156, 167).

As noted, the additional evidence submitted to the Appeals Council includes a letter authored by Dr. Michael Young on December 14, 2004, approximately six (6) weeks after the hearing decision was rendered. Clearly, because that letter was not in existence at the time the ALJ issued his written decision, he was not able to take the letter's information into consideration.

Dr. Young's letter, however, is consistent with his earlier progress reports (T. 148-163),

and with Dr. Wilbur Giles' opinion, to whom Dr. Young plaintiff (T. 123-126). Dr. Young

states in the December 2004 letter:

> I had the chance to visit with David Crumpton on December 10, 2004. I know he
> is in the process of applying for Social Security Disability. As you know, he has
> had three previous lumbar spinal surgeries. Unfortunately, he does have residual
> nerve root damage on the left side. He has chronic left leg pain. He is greatly
> limited in his activities of daily living secondary to his lumbar spine and this
> nerve root damage.
>
> In his situation, we could proceed with a significant work up to repeat all of these
> studies, but I really feel that this is unnecessary. He tried to return to work and
> was unable over time to do what needed to be done and apparently his work let
> him go. I visited with him recently and he was almost too tough for his own
> good. Part of the reason I haven't seen him is that he has been trying to tolerate
> the pain and trying to perform duties at work and go on about his life.
> Unfortunately he has reached a point where he can no longer do this.
>
> I certainly feel he gave it a good effort and I would certainly support him in his
> pursuit of Social Security Disability. I do not feel that further surgical
> intervention would be of benefit to him. He does have chronic leg pain,
> limitation of motion of his back and limitation of his activities. I think he has
> proven to us with time that he is not going to be able to be a significant part of the
> work force.
>
> I will provide whatever information is necessary. Please contact me if there are
> questions.

(T. 183).

In addition, Dr. Giles diagnosed "failed back with lumbar radicular syndrome" on the two

(2) occasions he examined the plaintiff in August of 2002 (T. 123, 126). Dr. Giles

recommended:

> I have recommended to him that we give him some high-dose steroids for seven
> days in a different dosage than he has previously had to see if it makes any
> difference as concerns his radicular discomfort, and I have set him up for an EMG
> and nerve conduction study of the left leg to see if he has any permanent damage
> within the nerve root, as far as denervation, and I will seek him back in a week
> and make further recommendations. It may well be that chronic pain

-7-

management would be of some benefit to him.  I think it is highly unlikely under the present circumstances that any type of fusion would alleviate his discomfort.

(T. 126).

On August 21, 2002, Dr. Giles noted that the steroids and therapy had been ineffective. In fact, the steroids caused "all types of bizarre symptoms" and were discontinued.[1] Dr. Giles reported that the EMG and nerve conduction studies were "within normal limits. ...do not show any permanent nerve damage and shows no irritability, nor does it show any evidence of muscle dysfunction."  Thus, Dr. Giles again diagnosed failed back with lumbar radicular symptoms, most likely inflammatory, and opined that "[t]here is nothing that I can help him with from a neurosurgical standpoint here."  (T. 123-126).

However, the evidence of left leg and back pain and numbness and other limitations, is replete throughout the record.  Additional evidence submitted to, and considered by the Appeals Council, contains a clear opinion by the plaintiff's treating orthopedic surgeon, who treated the plaintiff for a number of years (T. 183).  This evidence, which the undersigned must consider, in conjunction with evidence which was before the ALJ when he rendered his decision causes this Court to find that this matter should be remanded.

Based on the foregoing, the undersigned finds that the ALJ's decision is not supported by substantial evidence of record, which now includes the evidence submitted to the Appeals Council.  Further, the undersigned finds that there is a reasonable likelihood that this new and material evidence would have changed the ALJ's decision, particularly with respect to the

---

[1]  The ALJ states in his decision that "[m]edication side effects are not alleged to create any limitations nor established by the medical records."  This statement is belied by the record (T. 200, 104, 120, 123, 168).

-8-

hypothetical question posed to the VE and the ALJ's RFC determination.

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration of the plaintiff's residual functional capacity

ENTERED this 15th day of May, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)